UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-281-FDW
(3:07-cr-61-FDW-14)

| | | |
|---|---|---|
| STEVEN JERMONTE CURETON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

I.     BACKGROUND

On January 5, 2009, Petitioner was found guilty of one count of conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana, and 2,4-Methylenedioxymethamphetamine, a/k/a Ecstasy, all in violation of 21 U.S.C. §§ 846 & 841(a)(1). Petitioner was sentenced to an active term of 240-months' imprisonment. (Crim. Case No. 3:07-cr-61-FDW-14, Doc. No. 505: Amended Judgment).[1]

On July 8, 2009, Petitioner filed a § 2255 motion to vacate, contending that his counsel

---

[1] As the Court discusses, infra, the amended judgment was entered after the Court granted Petitioner's Section 2255 motion for relief on the ground that his trial counsel had failed to file a notice of appeal from the original criminal judgment. See (Case No. 3:09-cv-274-FDW, Doc. No. 2).

-1-

was ineffective for failing to consult with him regarding an appeal. (Case No. 3:09-cv-274-FDW). On July 8, 2009, this Court granted the motion to vacate and amended the judgment so that Petitioner could take a timely appeal. (Id., Doc. No. 2). Petitioner thereafter appealed and on July 23, 2010, the Court affirmed Petitioner's criminal judgment after finding that Petitioner's decision to plead guilty was, in fact, knowingly and voluntarily entered. United States v. Cureton, 389 F. App'x 252 (4th Cir. 2010) (unpublished).

On September 23, 2011, Petitioner filed a second § 2255 motion to vacate. (Case No. 3:11-cv-486-FDW). Among other claims, Petitioner contended that his sentence was erroneously enhanced based on the reasoning in the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On October 11, 2012, this Court denied the motion to vacate. (Case No. 3:11-cv-486-FDW, Doc. No. 8). Petitioner filed a notice of appeal from this order of dismissal. On March 1, 2013, the Fourth Circuit dismissed his appeal. United States v. Cureton, No. 12-8114, 2013 WL 766141 (4th Cir. Mar. 1, 2013) (unpublished).

On around June 13, 2013, Petitioner filed a third § 2255 motion to vacate, again raising a Simmons claim and contending that he did not have North Carolina state convictions which subjected him to more than one year in prison. (Case No. 3:13-cv-362-FDW). On June 19, 2013, this Court entered an order dismissing the motion to vacate as an unauthorized, successive petition. (Id., Doc. No. 2). Petitioner placed the instant § 2255 petition in the prison system for mailing on May 26, 2014, and it was stamp-filed in this Court on May 30, 2014. Petitioner again brings a Simmons claim, and he cites specifically the Fourth Circuit Court of Appeals' recent decision in United States v. Whiteside, No. 13-7152, 2014 WL 1364019 (4th Cir. Apr. 8, 2014).

.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant motion to vacate seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:07-cr-61-FDW-14. Petitioner has already filed a motion to vacate challenging the same conviction and sentence, and the motion to vacate has been denied on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of

jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: June 3, 2014

Frank D. Whitney
Chief United States District Judge